**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ANITA YOUNG MCCRAY, as Personal
Representative of the Estate of Mercedia
Walker Wilbert,

        Plaintiff,

vs.                                                  Case No. 3:09-cv-11895-J-37JBT

R.J. REYNOLDS TOBACCO COMPANY and
PHILIP MORRIS USA INC.,

        Defendants.
_____/

## ORDER

This cause is before the Court on Plaintiff's Renewed Motion for Judgment as a Matter of Law and Motion for New Trial ("Motion") (Doc. 214), and Defendants' Opposition to Plaintiff's Renewed Motion for Judgment as a Matter of Law and Motion for New Trial (Doc. 221). The Court has reviewed the written submissions of the parties, the relevant portions of the record, and applicable law. For the reasons stated below, Plaintiff's Motion is due to be denied.[1]

## PROCEDURAL BACKGROUND

Plaintiff Anita Young McCray, as personal representative of the Estate of Mercedia Walker Wilbert, ("Plaintiff") brought this *Engle* progeny wrongful death lawsuit against R.J. Reynolds Tobacco Company and Philip Morris USA Inc. ("Defendants") on behalf of her

---

[1] Although the undersigned did not preside over the trial, I have read the relevant portions of the record and certify familiarity. In addition, having ruled on the dispositive and *Daubert* motions and motions *in limine*, and presided over the omnibus pretrial conference and and the first *Engle* progeny trial in this Court, I am very familiar with *Engle* progeny cases and the issues presented in the present motion. In addition, Plaintiff's addiction experts in this case are the same, and gave similar testimony, as in the first trial.

mother, Mercedia Walker Wilbert, her estate, and her survivors. Plaintiff claimed that as a result of Mrs. Wilbert's addiction to cigarettes manufactured by Defendants, she developed lung cancer and died. (*See* Joint Pretrial Statement, Doc. 104 at 2.) The case proceeded to trial on March 6, 2012 and lasted seven days. Nine witnesses testified, including two experts. The jury returned a verdict in favor of Defendants based on their finding that Mrs. Wilbert's addiction to cigarettes containing nicotine was not the legal cause of her death, and thus she was not a member of the *Engle* class. (Doc. 189.) Plaintiff now renews her Federal Rule of Civil Procedure ("Rule") 50 motion for judgment as a matter or law, or in the alternative requests a new trial pursuant to Rule 59. (Doc. 214 at 1.)

## APPLICABLE STANDARDS

Under Rule 50, the Court may grant judgment as a matter of law " 'after the jury has returned its verdict if there is **no** legally sufficient evidentiary basis for a reasonable jury to find' for the non-moving party." *Chaney v. City of Orlando, Fla.*, 483 F.3d 1221, 1227 (11th Cir. 2007) (emphasis added) (quoting *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001)); Fed. R. Civ. P. 50. Stated another way, "[c]ourts should grant judgment as a matter of law only 'if the evidence is so overwhelmingly in favor of the moving party that a reasonable jury could not arrive at a contrary verdict.' " *Ziolkowski v. Landmark Am. Ins. Co.*, No. 8:09-CV-776, 2012 WL 503900, at * 2 (M.D. Fla. Feb. 15, 2012) (quoting *Middlebrooks v. Hillcrest Foods, Inc.*, 256 F.3d 1241, 1246 (11th Cir. 2001)). When reviewing a Rule 50(b) motion, the Court must look at the evidence in the record and draw all inferences in favor of the non-moving party. *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1192-93 (11th Cir. 2004). " 'Credibility

2

determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.' " *Id.* at 1193 (quoting *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000)). The jury's findings are not relevant to the Court's analysis of a renewed Rule 50(b) motion. *Chaney*, 483 F.3d at 1186.

A party may join a renewed motion for judgment as a matter of law, in the alternative, with a motion for a new trial under Rule 59. *See* Fed. R. Civ. P. 50(b). When there are alternative motions for judgment as a matter of law and for new trial, the Court should rule on the motion for judgment as a matter of law first. *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 253 (1940). Pursuant to Rule 59(a), the Court may "grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). The Court may grant a motion for a new trial if the jury's verdict was contrary to the great, not merely the greater, weight of the evidence. *Williams v. City of Valdosta*, 689 F.2d 964, 973 (11th Cir. 1982). The trial judge should independently weigh the evidence, and must view the evidence favoring the jury verdict, as well as the evidence favoring the moving party. *Id.* (citing *Rabun v. Kimberly Clark Corp.*, 678 F.2d 1053, 1060 (11th Cir. 1982)). However, the "trial judge should not substitute his own credibility choices and inferences for the reasonable credibility choices and inferences made by the jury." *Id.* at 973 n.7 (A trial court "should not set the verdict aside as against the weight of the evidence merely because, if he had acted as trier of the fact, he would have reached a different result; and in that sense he does not act as a 13th juror in approving or disapproving the verdict." (quoting 10-59 Moore's Federal Practice – Civil § 59.08[5])).

3

The Court also has discretion to grant a motion for a new trial if it finds "that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury." *Montgomery Ward & Co.*, 311 U.S. at 251.

## DISCUSSION

**1.   Judgment as a Matter of Law**

Plaintiff argues that the jury's finding that Mrs. Wilbert was addicted to cigarettes containing nicotine, but that such addiction was not the legal cause of her death, is against the great weight of the evidence, and is contrary to Florida law and "plain common sense." (Doc. 214 at 1-2.) Plaintiff contends that because the parties stipulated that smoking was the medical cause of Mrs. Wilbert's lung cancer, and that lung cancer was the cause of her death, the "only disputed issues regarding class membership are: whether Mrs. Wilbert was addicted to cigarettes, and if so, whether her addiction was a substantial factor in her developing lung cancer." (*Id.* at 2.) At trial, Plaintiff moved for judgement as a matter of law on the question of addiction and legal causation at the conclusion of her case-in-chief.[2]

---

[2] The Court is concerned over the timing of Plaintiff's Rule 50(a) motion, which she made at the close of her evidence, before Defendants presented any evidence. Rule 50(a) provides in relevant part: "If a party has been **fully heard on an issue** during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue **against the party**; and (B) grant a motion for judgment as a matter of law **against the party** . . . ." Fed. R. Civ. P. 50(a). In addition, the Advisory Committee Notes state: "In no event, however, should the court enter judgment against a party who has not been apprised of the materiality of the dispositive fact and been afforded an opportunity to present any available evidence bearing on that fact." 1991 Amendment to the Advisory Committee Notes, Fed. R. Civ. P. 50. When Plaintiff moved for judgment as a matter of law on *Engle* class membership, Defendants had not been afforded an opportunity to present evidence on the issue. Therefore it seems that Plaintiff's motion may have been premature, and it is questionable whether the present motion is an appropriate "renewed" Rule 50(b) motion. Nevertheless, even if the motions were procedurally improper, the Court denied the motion

4

The Court denied the motion. At the close of all evidence Plaintiff did not renew her motion for judgment as a matter of law on this issue, and the Court submitted the case to the jury. Plaintiff here renews this argument and requests a new trial on the remaining issues. Alternatively, if the Court denies the Rule 50 motion, Plaintiff requests a new trial under Rule 59. (*Id.* at 3.)

Defendants contend, and Judge Covington agreed in denying Plaintiff's Rule 50(a) motion, that whether Mrs. Wilbert was addicted and if so, whether such addiction was a legal cause of her death "presented a material question of fact that had to be submitted to the jury to resolve." (Doc. 221 at 2-3.) This Court agrees.

To prove *Engle* class membership, a plaintiff must prove (1) the smoker was addicted to the defendant's cigarettes containing nicotine, and if so (2) that such addiction was a legal cause of death. *R.J. Reynolds Tobacco Co. v. Jimmie Lee Brown*, 70 So. 2d 707, 711, 715 (Fla. 4th DCA 2011). Florida intermediate appellate courts have approved, and required, that the jury be instructed on legal cause as it relates to addiction ("addiction-causation"). *See id.* at 711-12, 716-17; *R.J. Reynolds Tobacco Co. v. Martin*, 53 So. 3d 1060, 1065 (Fla. 1st DCA 2011); *Philip Morris v. Douglas*, 83 So. 3d 1002, 1005-06 (Fla. 2d DCA 2012); *Frazier v. Philip Morris USA Inc.*, No. 3D11-580, 2012 WL 1192076, at *6 (Fla. 3d DCA Apr. 11, 2012); *Philip Morris v. Hess*, No. 4D09-2666, 2012 WL 1520844, at *1 (Fla. 4th DCA May 2, 2012) (affirming final judgment on a plaintiff's strict liability and negligence claims where, as here, the parties stipulated that the plaintiff's lung cancer was caused by Philip Morris USA's cigarettes containing nicotine, and the plaintiff died of lung cancer, yet the class membership question was submitted to the jury).

---

at trial, and the renewed motion should also be denied.

5

The Court finds that the jury had a sufficient evidentiary basis to find for Defendants. Plaintiff makes much of the fact that the testimony of their witnesses was "unimpeached" and "uncontroverted." (*See* Doc. 214 at 4-9.)  However, Defendants elicited significant testimony on cross-examination of Plaintiff's witnesses, including her two experts, that provided a basis for the jury to consider and decide whether Mrs. Wilbert was addicted to cigarettes, and if so, whether the addiction was the legal cause of her lung cancer and death.  There was evidence from which the jury could infer that it was Mrs. Wilbert's choice to continue to smoke and not quit; that she did not make a real effort to quit until 1993; that she thought her smoking was her own business; that Mrs. Wilbert had the ability to control her smoking in certain situations; that she smoked, at least in part, because it was relaxing, stimulating, and helped relieve stress; and that even addicted smokers have the ability to, and do, quit.

Moreover, Plaintiff's argument that the verdict is contrary to *Engle* and Florida law is flawed.  First, although it can be instructive, the circuit court order in *Lorillard Tobacco Co. v. Mrozek*, 2007-CA-12952-XXXX-MA, is not binding precedent for this Court.  In addition, according to Defendants, the same court decided the issue differently in a later case. (*See* Doc. 221 at 18-19.)  Second, and more significantly, Plaintiff's argument that fault (i.e. choice to smoke, choice/ability not to quit) should not be part of the class membership inquiry brings to mind the saying "you can't have your cake and eat it too." Plaintiff requested a concurring cause instruction as part of the addiction-causation instruction, which the Court gave, over Defendants' objection.  Relying on this instruction, Plaintiff argues that the jury did not have to find that Mrs. Wilbert's addiction was the "only" cause, but that it substantially contributed to her lung cancer and death in order to find for

6

Plaintiff on this issue. (*See* Doc. 214 at 15.) Florida's standard jury instruction on concurring causes states:

> In order to be regarded as a legal cause of [loss] [injury] [or] [damage] negligence need not be the only cause. Negligence may be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] [some other cause] if the negligence contributes substantially to producing such [loss] [injury] [or] [damage].

Fla. Std. Jury Instr. (Civ.) 401.12(b). The "Note on Use" provides in relevant part:

> 1. Instruction 401.12a (legal cause generally) is to be given in all cases. Instruction 401.12b (concurring cause), to be given when the court considers it necessary, does not set forth any additional standard for the jury to consider in determining whether negligence was a legal cause of damage but only negates the idea that a defendant is excused from the consequences of his or her negligence by reason of some other cause concurring in time and contributing to the same damage.
>
> * * *
>
> 2. Instruction 401.12b must be given whenever there is a contention that some other cause may have contributed, in whole or part, to the occurrence or resulting injury.

Notes on Use, Fla. Std. Jury Instr. (Civ.) 401.12. At the charge conference, Defendants objected to the inclusion of the concurring cause instruction in the addiction-causation instruction. Trial Tr. Vol. V, 19:2-20, Mar. 15, 2012. They asserted that the "concurring cause" contemplated in this question is the smoker's own conduct. *Id.* at 21:18-22:9.[3] They argued that the comparative negligence of the plaintiff alone does not

---

[3] Specifically, Defense counsel argued:

And that's what we have here when they make – they've affirmatively pled in their complaint the comparative fault of the [smoker]. And the argument that we see in all these cases is . . . the person could have quit. It was their decision. So addiction is not the legal cause. And then the plaintiff's lawyer stand up in rebuttal and they say, well, addiction doesn't need to be the only cause. It can work in combination with the plaintiff's own, in this case, the

7

require giving a concurring cause instruction. *Id.* Plaintiff's counsel argued that a concurring cause instruction was appropriate. *Id.* at 23:19-25. The Court overruled Defendants' objection to the instruction. Trial Tr. Vol. V, 59:23-59:9. So while Defendants opposed the concurring cause instruction, the crux of their argument was that addiction was not the legal cause of death because it was the smoker's choice to smoke and choice not to quit. Conversely, Plaintiff heavily relies on the "contributes substantially" language of the concurring cause instruction, and even suggested to the jury concurring causes that related to Mrs. Wilbert's choices, yet argues here that the responsibility or fault of Mrs. Wilbert is not part of the addiction-causation question. (*See* Doc. 214 at 17-18.) For example, in closing argument, Plaintiff's counsel suggested a few possible concurring causes:

> So the question of an addiction is simply whether Mrs. Wilbert's addiction was a part of the reason that she smoked cigarettes; meaning, did her addiction substantially contribute to her continuing to smoke. . . . Importantly, in order to be a legal cause it need not be the only cause. She could have also smoked some cigarettes because she was bored or because she was stressed or unhappy or even because for some cigarettes she enjoyed them. Often it is the case that two or more causes operate in combination or are responsible together for an outcome.

Trial Tr. Vol VII, 22:22-23:8, Mar. 19, 2012. Under these circumstances, where evidence of choice and ability to quit (such as quit attempts, or lack thereof, ability of addicted smokers to quit, ability to control smoking, and reasons for smoking) are submitted to the jury, and these types of arguments are made to the jury, 1) it was not error to give the

---

decedent's own choices, her own decisions, her own failure to quit, so they make that the concurring cause.
Trial Tr., Vol. V, at 21:18-22:9.

8

concurring cause instruction;[4] and 2) evidence regarding choice and ability to quit was a properly considered by the jury when answering the class membership question. Therefore, the Court confirms that there was a "legally sufficient evidentiary basis for a reasonable jury to find" Defendants. *See Lipphardt*, 267 F.3d at 1186. The undersigned agrees with Judge Covington that the class membership determination was a question for the jury. *See* Trial Tr. Vol. VI, 186:12-15, Mar. 16, 2012 ("I think [addiction and legal cause are] certainly a fact issue for the jury to decide on both counts.").

### 2. New Trial

Upon an independent review of the evidence, and for reasons substantially similar to those discussed above, the Court also finds that a new trial is not warranted. The jury verdict was not contrary to the great weight of the evidence. There was plenty of evidence for the jury to find that Mrs. Wilbert's addiction was not the "but for" cause of, or even that it did not "contribute substantially" to, her lung cancer and death.

### CONCLUSION

Upon consideration, and after a thorough review of the evidence submitted at trial, the Court concludes there was sufficient evidence to support the jury's verdict. The verdict was not against the great weight of the evidence, and was not contrary to the law. Nor does the verdict result in a miscarriage of justice. The jury was entitled to consider the class membership question, and determine, based on its own sifting of the evidence, that Plaintiff failed to establish that Mrs. Wilbert's addiction to cigarettes was a legal cause of

---

[4] Even if Defendants' position that a concurring cause instruction was not "required" is correct, given the arguments by both parties, it was necessary to "negate the idea that [Defendants were] excused from the consequences of [their] negligence by reason of some other cause concurring in time and contributing to the same damage." Notes on Use, Fla. Std. Jury Instr. (Civ.) 401.12.

her lung cancer and death.

Accordingly, it is **ORDERED**:

Plaintiff's Renewed Motion for Judgment as a Matter of Law and Motion for New Trial (Doc. 214) is **DENIED**.  Plaintiff's alternative request for a new trial is also **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on June 11, 2012.

_____
ROY B. DALTON, JR.
United States District Judge

Copies:

Counsel of Record

10